UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEBORAH W.,

                        Plaintiff,

        v.

ANDREW M. SAUL,[1] Commissioner of
  Social Security,

                        Defendant.
_____

**DECISION
and
ORDER**

**19-CV-01236F**
(**consent**)

APPEARANCES:        LAW OFFICES OF KENNETH R. HILLER, PLLC
                               Attorneys for Plaintiff
                               KENNETH R. HILLER, and
                               JUSTIN DAVID JONES, of Counsel
                               6000 North Bailey Avenue, Suite 1A
                               Amherst, New York  14226

                               JAMES P. KENNEDY, JR.
                               UNITED STATES ATTORNEY
                               Attorney for Defendant
                               Federal Centre
                               138 Delaware Avenue
                               Buffalo, New York  14202
                                       and
                               NAHID SOROOSHYARI
                               Special Assistant United States Attorney, of Counsel
                               Social Security Administration
                               Office of General Counsel
                               26 Federal Plaza, Room 3904
                               New York, New York  10278

## **JURISDICTION**

On October 14, 2020, this matter was assigned to the undersigned before whom

the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed in

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

accordance with this court's June 29, 2018 Standing Order (Dkt. 14).  The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on February 26, 2020 (Dkt. 12), and by Defendant on May 19, 2020 (Dkt. 16).

## BACKGROUND

Plaintiff Deborah W. ("Plaintiff"), brings this action under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed on February 1, 2016 with the Social Security Administration ("SSA"), for Supplemental Security Income ("SSI") under Title XVI of the Act ("disability benefits").  Plaintiff alleges she became disabled on September 9, 2014, based on asthma, a back condition, hypertension, bipolar disorder, seizures, hepatitis C, heart condition described as "blockage near heart," lower back pain attributed to sciatic nerve damage in her back since 2016, chronic pain that "shoots down legs," joint pain and constant tiredness attributed to rheumatoid arthritis since 2015, brain issues since 2015 including short term memory and visual hallucinations, bipolar/depression/anxiety disorders causing moods swings and anger, diabetes type 2, and high cholesterol.  AR[2] at 378, 391. Plaintiff's application initially was denied on May 19, 2016, AR at 278-89, and at Plaintiff's timely request, on April 18, 2018, a hearing was held in Buffalo, New York before administrative law judge Carl E. Stephan ("the ALJ").  AR at 145-66 ("administrative hearing").  Appearing and testifying at the administrative hearing were

---

[2] References to "AR" are to the CM/ECF-generated page numbers of the Administrative Record electronically filed by Defendant on December 16, 2019 in nine parts (Dkts. 6 through 6-4 and 7 through 7-3).

2

Plaintiff, represented by Laura Henskee, Esq. ("Henskee"), and vocational expert Lisa Atkinson ("the VE"). On September 27, 2018, the ALJ issued a decision denying Plaintiff's claim, AR at 32-63 ("ALJ's Decision"), which Plaintiff timely appealed to the Appeals Council. On July 15, 2019, the Appeals Council denied Plaintiff's request for review, AR at 1-7, rendering the ALJ's Decision the Commissioner's final decision. On September 13, 2019, Plaintiff commenced the instant action in this court seeking judicial review of the ALJ's Decision.

On February 26, 2020, Plaintiff moved for judgment on the pleadings (Dkt. 12) ("Plaintiff's Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 12-1) ("Plaintiff's Memorandum"). On May 19, 2020, Defendant moved for Judgment on the pleadings (Dkt. 16) ("Defendant's Motion"), attaching Commissioner's Brief in Support of His Motion for Judgment on the Pleadings and in Response to Plaintiff's Brief Pursuant to Local Rule 5.5 (Dkt. 16-1) ("Defendant's Memorandum"). Filed on June 5, 2020 was Plaintiff's Reply Brief to Defendant's Motion for Judgment on the Pleadings (Dkt. 17) ("Plaintiff's Reply"). Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

## **FACTS**[3]

Plaintiff Deborah W. ("Plaintiff"), born May 13, 1974, was 40 years old as of September 9, 2014, her alleged disability onset date ("DOD"), and 44 years old as of

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

3

September 27, 2018, the date of the ALJ's Decision.  AR at 378, 391.  As of the administrative hearing, Plaintiff lived alone in a single-family house, was divorced with three adult children, has an eighth-grade education,[4] and had not completed any specialized job training, trade, or vocational school.  AR at 174, 395, 403, 1731.  Plaintiff maintains her impairments interfere with her ability to perform self-care and grooming, and limits her activities of daily living to watching television, but Plaintiff prepares simple meals for herself on a daily basis.  AR at 403-05.  Plaintiff maintains she cannot perform house work or yard work, AR at 405, and does not go outside very often, but when she does, she cannot go out alone and relies on a family member for transportation.  AR at 406.  Plaintiff shops for groceries in stores once a month, AR at 406, can count change, but cannot pay bills or handle a savings account, *id*., and has no hobbies, interests, or social activities.  *Id*. at 407.  Plaintiff last work briefly on an assembly line for a food service company, AR at 395, and at a gas station.  AR at 411.

It is undisputed that Plaintiff suffers from numerous physical and psychiatric impairments including, *inter alia*, and most relevant here, a depressive disorder with anxiety, asthma, diabetes, seizures, and rheumatoid arthritis.  Plaintiff's obtained mental health treatment at Dent Neurologic Institute where her treating psychiatrist was Alfred Belen, M.D. ("Dr. Belen").  AR at 912-23.  With regard to her disability benefits application, on April 28, 2016, Plaintiff underwent an internal medicine evaluation performed by Donna Miller, D.O. ("Dr. Miller"), AR at 1725-29, and a psychiatric evaluation performed by psychologist Janine Ippolito, Psy.D. ("Dr. Ippolito"), AR at 1730-35.  Plaintiff's medical record was also reviewed by non-examining psychiatric

---

[4] Plaintiff also reports she graduated high school, where she was in special education classes because of a learning disorder.  AR at 1731.

medical expert Daryl DiDio, Ph.D., ("Dr. DiDio"), on July 7, 2018, AR at 6628-35. Plaintiff received psychiatric counseling from mental health counselor Nyenya Tooles ("M.H.C. Tooles"), from July 2017 until February 26, 2018.  AR at 4327-34, 6048-52, 6065-91.

## DISCUSSION

1.     **Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted).  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id*.  It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory

5

evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence.  *Id*.  "Congress has instructed . . . that the factual findings of the Secretary,[5] if supported by substantial evidence, shall be conclusive."  *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).  The Supreme Court recently reaffirmed that the threshold for substantial evidence "is not high . . . .  It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, __ U.S. __; 139 S.Ct. 1148, at 1154 (2019) (internal citation and quotation marks omitted).  As such, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*."  *Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 59 (2d Cir. 2013) (italics in original).  "Under this 'very deferential standard of review,' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'"  *Id*., 523 Fed.Appx. at 58-59 (quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics in original).

2. **Disability Determination**

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits.  *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a).  The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir.

---

[5] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

1982).  The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed.  20 C.F.R. §§ 404.1520(b) and 416.920(b).  The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience.  42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d).  As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW").  20 C.F.R. §§ 404.1520(e) and 416.920(e).  If the applicant remains capable of performing PRW, disability benefits will be denied, *id*., but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy."  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c).  The burden of

proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step.  20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).  If the claimant fails to meet the criteria at either of the first two steps, the inquiry ceases and the claimant is not eligible for disability benefits, but if the claimant meets the criteria for the third or fourth step, or if the defendant fails to meet its burden at the fifth step, the inquiry ceases and the claimant is eligible for disability benefits.  *Id.*

In the instant case, the ALJ found Plaintiff has not engaged in substantial gainful activity ("SGA") since February 1, 2016, Plaintiff's application date *id*. at 37, and suffers from the severe impairments of a back disorder, arthritis, asthma/chronic obstructive pulmonary disease ("COPD"), with continued smoking against medical advice, history of seizures, diabetes mellitus, obesity, anxiety, affective disorders, polysubstance abuse, AR at 37, that Plaintiff's hypertension, high cholesterol, hepatitis C, and cataracts do not cause more than a minimal limitations to Plaintiff's ability to perform basic physical and mental work-related functions and, as such, are not severe, and that Plaintiff's asserted calcium deficiency and heart disorder are not reflected in any of Plaintiff's medical records, nor do any records support Plaintiff's claimed learning disorder, intellectual deficiency, or cognitive disorder and, as such, these asserted disorders are not medically determinable impairments.  AR at 38-39.  The ALJ then determined that Plaintiff does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id*. at 39-41.  The ALJ further found that despite her impairments, Plaintiff retains the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b),

except that Plaintiff can occasionally climb stairs and ramps, balance, kneel, crouch and crawl, cannot climb ladders or scaffolds, cannot be exposed to unprotected heights or dangerous machinery, extremes in temperature or humidity, or concentrated respiratory irritants, can perform basic mental demands of work including being able to understand, remember, and carry out simple instructions, perform simple, unskilled work with frequent but not constant interactions with the public, co-workers, and supervisors, and is able to respond to frequent changes in the work setting.  AR at 41-55.  The ALJ further found that Plaintiff has no PRW, AR at 55, yet given Plaintiff's RFC, age, limited education, and ability to communicate in English, and based on the Medical-Vocational Rules ("the Grids"), 20 C.F.R. Pt. 404, Subpt. P, App. 2, Plaintiff is not disabled and can perform jobs that exist in significant numbers in the national economy.  *Id*. at 55.  Based on these findings, the ALJ determined Plaintiff is not disabled as defined under the Act.  *Id*. at 56.

Plaintiff does not contest the ALJ's findings with regard to the first three steps of the five-step analysis, but argues that at the fourth step, the ALJ's RFC assessment is not supported by substantial evidence because the ALJ, while affording significant weight to Dr. Ippolito's consultative opinion, excluded that portion of Dr. Ippolito's finding that Plaintiff had a moderate limitation to stress and relating to others, Plaintiff's Memorandum at 27-31, improperly relied on the opinion of Dr. DiDio who did not examine Plaintiff and whose statement that Plaintiff could keep to a schedule and relate to peers, supervisors, and the public on a "regular," but not "constant" basis is impermissibly "vague," *id*. at 31-34, and failed to afford proper weight to the findings of M.H.C. Tooles.  *Id*. at 34-40.  Defendant argues the ALJ properly evaluated Dr.

Ippolito's moderate limitation to stress by determining that Plaintiff was capable of performing simple, unskilled work, and the source opinions of record by Plaintiff's treating sources, Defendant's Memorandum at 7-11, reasonably weighed the opinions of Dr. DiDio, *id*. at 11-14, and M.H.C. Tooles, *id*. at 14-17, and that substantial evidence supports the ALJ's RFC finding.  *Id*. at 17-18.  In reply, Plaintiff repeats her arguments that the ALJ failed to reconcile the limitations pertaining to stress found by Dr. Ippolito with the RFC determination, Plaintiff's Reply at 1-3, Dr. DiDio's opinion was impermissibly vague, *id*. at 3, and the ALJ did not properly evaluate M.H.C. Tooles's opinion.  *Id*. at 4.  There is no merit to Plaintiff's arguments.

Preliminarily, the court observes that Plaintiff limits her arguments to her mental impairments and, accordingly, Plaintiff has waived any challenge to the ALJ's Decision based on any physical impairments.  *Cf. Glover v. Saul*, 2020 WL 90768, at * 5 (W.D.N.Y. Jan. 8, 2020) (although the claimant asserted both mental and physical impairments in applying for disability benefits, in considering the plaintiff's action challenging the ALJ's decision, the court found the claim waived as to the mental impairments because the plaintiff raised issues only with regard to his physical impairments).

With regard to Plaintiff's first argument, as relevant, on April 28, 2016, Dr. Ippolito completed a consultative psychiatric evaluation of Plaintiff, and evaluated Plaintiff with moderate limitations to relating adequately with others and appropriately dealing with stress, mild limitations to understanding and performing simple tasks, maintaining a regular schedule, attention and concentration, performing complex tasks independently, and making appropriate decisions, opining that Plaintiff's limitations were not significant

enough to interfere with Plaintiff's ability to function on a daily basis.  AR at 1731-34.  The ALJ afforded "significant weight" to Dr. Ippolito's opinion based on Dr. Ippolito's role as an examining physician, and because Dr. Ippolito's mild and moderate limitation assessments are consistent with the treatment notes of record.  AR at 52-53.  This determination by the ALJ is supported by substantial evidence in the record.

Specifically, as the ALJ found, AR at 53-54, Dr. Ippolito's psychiatric evaluation of Plaintiff was consistent with the opinion of medical expert and board certified psychologist Dr. DiDio that Plaintiff had no limitations to understanding, remembering and carrying out simple instructions, mild limitations to interacting appropriately with the public, mild to moderate limitations to interacting with supervisors and coworkers, responding appropriately to usual work situations and changes in a routine work setting, moderate limitations to understanding, remembering and applying information for complex tasks, interacting with others and mild limitations concentrating, persisting or maintaining pace and adapting and managing herself.  AR at 53-54 (citing AR 6628-42).  The ALJ further found that Dr. Ippolito's opinion regarding Plaintiff's moderate limitation to stress was also inconsistent with the opinion of Dr. Belen, Plaintiff's treating psychiatrist.  AR at 48-49, 51 (citing AR at 912-23).  As such, the ALJ acted within his authority in relying on a portion of Dr. Ippolito's findings while rejecting those portions of the consultative psychologist's assessment that are contradicted by the psychological examination.  See Heaman v. Berryhill, 765 Fed. Appx. 498, 500 (2d Cir. 2019) (ALJ may choose between properly submitted medical opinions that include consultative opinions); Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir. 2002) (it is within the province of the ALJ to resolve contradictions between the consultative examinations findings and

the consultative examiner's conclusions). Plaintiff's motion on this issue is therefore DENIED.

Nor is there any merit to Plaintiff's argument that the ALJ improperly relied on the opinion of Dr. DiDio who did not examine Plaintiff and rendered an opinion that was impermissibly "vague." Plaintiff's Memorandum at 31-35. As Defendant argue, Defendant's Memorandum at 11-14, not only are ALJs permitted to "ask for and consider opinions from medical experts on the nature and severity of [an individual's] impairment(s)," *id*. (quoting 20 C.F.R. § 416.927(e)(2)(iii) (bracketed material added), but a non-examining consultative medical expert's opinion may constitute substantial evidence supporting the denial of disability benefits if supported by substantial evidence in the record. *Id*. (citing *Heaman v. Berryhill*, 765 Fed.Appx. 498, 500 (2d Cir. 2019) (holding substantial evidence, including the consultative non-examining medical expert's opinion and treatment notes contradicting the opinions of the plaintiff's treating physicians, supported the ALJ's determination that the plaintiff was not disabled)). It is significant that the relevant regulations require ALJs consider the opinions of state agency consultants because they are highly qualified experts in Social Security disability evaluations. 20 C.F.R. § 416.913a(b)(2), 416.927(c) and (e). Based on these same criteria, the opinions of such non-examining sources can constitute substantial evidence in support of an ALJ's decision. *Diaz v. Shalala*, 59 F.3d 307, 313 n. 5 (2d Cir. 1995). Accordingly, the ALJ did not err in relying on Dr. DiDio's opinion.

Moreover, Dr. DiDio's opinion was not, as Plaintiff maintains, impermissibly "vague." As relevant here, on July 7, 2018, after reviewing Plaintiff's medical record, Dr. DiDio stated Plaintiff's medical record "supports the opinion that entry level, simple

tasks can be performed.  Attention, concentration & pace are adequate.  The [Plaintiff] can keep a schedule & can relate to peers/supervisors/public on a regular [*sic*]; however not on a constant basis."  AR at 6635.  Plaintiff maintains because it is not clear for how long a period the word "regular" refers, the word "regular" is impermissibly vague such that Dr. DiDio's opinion does not constitute substantial evidence to support the ALJ's decision.  Plaintiff's Memorandum at 32-33.  Plaintiff, however, ignores that in a subsequent report on August 17, 2018, Dr. DiDio was asked to respond to the following,

> would an individual with the ailments as presented in the medical evidence be able to: perform simple tasks; keep adequate attention, concentration and pace; maintain a consistent schedule; and relate to peers, supervisors, and the public on a "sustained basis?"  (Sustained Basis: ability to perform work-related activities eight hours a day for five days a week, or an equivalent work schedule [ ]).  Please state whether such an individual could or could not perform the above listed tasks, then cite evidence supporting your opinion.

AR at 6642.

Dr. DiDio's response was, "Yes.  The [Plaintiff] can perform simple tasks on a sustained basis."  AR at 6642.  In support of this opinion, Dr. DiDio stated the administrative records "E section"[6] "indicates & reflects [Plaintiff's] abilities within the cognitive domain."  *Id*.  The ALJ further stated that administrative records exhibits 2F, 5F, 6F, 7F and 9F (containing office treatment records from both mental and physical health providers including, *inter alia*, treating psychiatrist Dr. Belen), "do not suggest significant difficulties within the social domains which would contraindicate interaction with others on any sustained basis."  AR at 6642.  Accordingly, Plaintiff's argument that Dr. DiDio's opinion, with respect to Plaintiff's ability to work on a "regular basis" is impermissibly

---

[6] Referencing the administrative record's exhibits consisting of forms completed by Plaintiff in connection with her disability benefits application including Plaintiff's own description of her asserted impairments and the impact of such impairments on Plaintiff's activities of daily living, employment history, and medications.

vague, even if true, is irrelevant in light of Dr. DiDio's subsequent statement clarifying that Plaintiff can work on a sustained basis, and, thus, fails to establish the ALJ's decision is not supported by substantial evidence in the record.

Also without merit is Plaintiff's argument, Plaintiff's Memorandum at 34-40, that the ALJ erred in affording little weight to M.H.C. Tooles's opinion.  In this case, the ALJ noted that M.H.C. Tooles, as a mental health counselor, does not qualify under the relevant regulations as an acceptable medical source whose opinion is entitled to controlling or significant weight, 20 C.F.R. § 404.1527(c), nor does the Plaintiff point to the use by M.H.C. Tooles of clinically acceptable diagnostic techniques.  AR at 53 (citing AR at 4327-34, 6048-52).  Although "the ALJ is certainly free to consider the opinion of [other medical sources] in making his overall assessment of a claimant's impairments and residual abilities, those opinions do not demand the same deference as those of a treating physician," or other acceptable source.  *Genier v. Astrue,* 298 Fed.Appx. 105, 108 (2d Cir. 2008).

Moreover, the medical evidence in the record does not support the restrictions assessed by M.H.C. Tooles.  In particular, despite indicating Plaintiff was very limited in nearly all aspects of mental functioning, AR at 4333, 6052, M.H.C. Tooles also indicated she was unable to assess whether Plaintiff's mental impairment would last longer than 12 months, *id.*, and, as the ALJ observed, Dr. Ippolito noted that Plaintiff reported being disabled from physical impairments, not mental impairments.  AR at 52 (citing AR at 1731).  These findings are inconsistent with M.H.C. Tooles's treatment notes in the record.  AR at 53 (citing AR at 4333 and 6052).  Accordingly, the ALJ did not improperly reject the opinion of M.H.C. Tooles.

To summarize, in the instant case, the evidence in the record establishes at most that it is susceptible to more than one rational interpretation, including ALJ Romeo's decision that Plaintiff is not disabled under the Act.  See *McIntyre*, 758 F.3d at 149 ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld."); *Bonet ex rel. T.B.*, 523 Fed.Appx. at 58-59 ("Under this 'very deferential standard of review [applicable to actions challenging an administrative decision on a disability benefits claim],' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'" (quoting *Brault*, 683 F.3d at 448 (italics in original)).  Indeed, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*."  *Bonet ex rel. T.B.*, 523 Fed.Appx. at 59 (italics in original).  Despite the possibility of an alternate interpretation, in this case, the record provides substantial evidence to sustain the ALJ's decision.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion (Dkt. 12) is DENIED; Defendant's Motion (Dkt. 16) is GRANTED.  The Clerk of Court is directed to close the file.
SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:	March 30th, 2021
	Buffalo, New York